IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANNY BENNETT, | : |
| Plaintiff, | : |
| VS. | : NO. 5:24-CV-00359-TES-CHW |
| UNKNOWN, | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is a document filed by pro se Plaintiff Danny Bennett, an inmate presently incarcerated in the Macon State Prison in Oglethorpe, Georgia, that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has not paid the filing fee or filed a proper motion to proceed without the prepayment of the filing fee. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Without a motion and this account statement (or similar certified documentation from the prison), the Court does not have sufficient information to determine whether Plaintiff is entitled to proceed *in forma pauperis* or to calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(b) (requiring the district court to assess an initial partial filing fee when

funds are available). Accordingly, Plaintiff is **DIRECTED** to pay the Court's $405.00 filing fee in full or to submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of the above-captioned action.

Plaintiff is also **ORDERED** to recast his Complaint on the Court's standard form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

  (4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

  (5) *What* did this defendant do (or not do) in response to this knowledge?

  (6) *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he should not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned that he must fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1).   Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.**   This ten-page limitation <u>includes</u> (and is not in addition to) the pre-printed pages of the Court's standard form.   **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.**   Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.   The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff that he should use to file his recast complaint.

Once Plaintiff files his recast complaint, the Court will review it pursuant to 28 U.S.C. § 1915A and other applicable law to determine whether it states any colorable claims.   If it does, the Court will issue an appropriate order regarding discovery.   As such, Plaintiff's motion for video testimony (ECF No. 2) is **DENIED as premature.**   To the extent Plaintiff is raising any substantive claims in this motion, he should be sure to include them in his recast complaint as explained above.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) either pay the required filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis* in this action and (2) file a recast complaint with the Clerk of Court.   **If Plaintiff does not timely and fully comply with this Order, this action may**

**be dismissed.** Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 18th day of November, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
